UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAFAEL CORTES-MENDIOLA,<br><br>    Defendant. | CASE NO. CR12-224-MJP<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

THIS MATTER comes before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Dkt. No. 67.) Having considered the Parties' briefing and the related record, the Court hereby DENIES the motion.

**Background**

Defendant Rafael Cortes-Mendiola was sentenced on April 19, 2013, after pleading guilty to Conspiracy to Distribute Methamphetamine and Heroin. (Dkt. Nos. 36, 52.) Defendant's Total Offense Level was 33. Because Defendant's Criminal History Category was I, the resulting Guidelines range was 135–168 months. This Court then varied downward from that range, imposing a sentence of 60 months, the mandatory minimum.

Defendant now moves the Court for reduction in sentence based on Amendment 788 to the Sentencing Guidelines which made Amendment 782 to USSG §2D1.1 retroactively applicable. (Dkt. No. 67.) The Government opposes the motion. (Dkt. No. 70.)

### Discussion

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. See United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Defendant is ineligible for a reduction in sentence because his sentence is a mandatory minimum sentence and not a sentence based on the Sentencing Guidelines. See United States v. Paulk, 569 F.3d 1094, 1095 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2))(where a defendant is subject to a mandatory minimum sentence, the sentence "is never based on a sentencing range

that has subsequently been lowered by the Sentencing Commission.")  As such, this Court is not authorized to reduce Defendant's sentence.

### Conclusion

Defendant is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because the sentence imposed is the mandatory minimum.  Defendant's motion to reduce his sentence is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of April, 2016.

Marsha J. Pechman
United States District Judge

ORDER DENYING MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582- 3